## NILES v. FRIES.

Intoxicating liquor: RIGHT OF PROPERTY THEREIN. Where A purchased of B intoxicating liquors, upon which attachment was afterward levied, as the property of B at the suit of his creditor C, whereupon A intervened claiming the property as by purchase from B, averring in his petition that they were not purchased or kept by him with intent to sell the same in violation of the law of the State. *Held,* that if the facts averred in his petition were true, A was entitled to recover the liquors.

*Appeal from Jackson Circuit Court.*

TUESDAY, SEPTEMBER 17.

THE plaintiff brought suit against one Lindeneau, in which an attachment was issued and levied upon two barrels and two casks of liquors. The appellant thereupon intervened by a petition filed in the case, wherein he claimed that he was the "full, absolute and unqualified owner" of the liquors, describing them as whisky and rum. He further states that the liquors were in his possession, in the city of Maquoketa, when taken on the attachment; that he acquired the ownership thereof, by purchase of Lindeneau, before they were seized upon the attachment, and that they were not purchased or kept by him, with intent to sell the same, in violation of the

laws of the State. A demurrer to the petition of the intervenor was sustained, whereupon he appeals to this court.

*Frank Amos* for the appellant.

*E. F. Richman* for the appellee.

BECK, J.—The grounds of the demurrer are these : The property in question is intoxicating liquors; the INTOXICATING intervenor bases his claim thereto upon a LIQUORS: right purchase from the defendant in the action, of property therein. without showing the legal capacity of defendant to sell, or of the intervenor to purchase, liquors of the kind, the sale of which is forbidden, except by previous authority of law. The question raised by the demurrer is the only point of dispute in the case.

The keeping of intoxicating liquors, with no intent to sell them within the State contrary to law, is not forbidden by the statute for the suppression of intemperance. Rev., § 1559. Intoxicating liquors in the possession of a citizen who holds them for the purpose of selling them lawfully within the State, or for transporting them without the State, for lawful traffic, are not, under the statute, subject to seizure. § 1525. To constitute the owning and keeping of intoxicating liquors unlawful, there must exist an intent to sell or dispose of them, within the State, contrary to law. In the absence of such intent, the possession of this kind of property is lawful. If lawful, the law must protect the possession. The petition of the intervenor avers that the liquors were not kept for the purpose of unlawful sale. His possession was, therefore, lawful, and the act for the suppression of intemperance does not authorize it to be disturbed. There can be no dispute on this point if it be admitted that he acquired the possession from one authorized, under the law, to sell intoxicating liquors. But plaintiffs' counsel

insists that as the intervenor claims the property in the liquors and does not show that he bought them from one authorized to sell, he acquired no right thereto; that as sales of intoxicating liquors are unlawful, unless made by one authorized under the statute, the intervenor should have shown, in his petition, that the person of whom he purchased was authorized to sell, in order to establish his right to the property. But, in our opinion, the possession of the intervenor must be regarded as lawful even though he bought the property of one not authorized to sell. Without inquiring whether such a sale transferred to the intervenor the property in the liquors, it cannot be denied that by the transaction the intervenor acquired the possession, which we have seen is lawful. The defendant in the suit could not have taken the liquors from the possession of the intervenor by showing that the sale is void because he was unauthorized by the law to sell. He could set up no claim to them. Now, the attachment cannot reach property in which the defendant had no interest; it did not, therefore, bind the liquor seized thereon. But, as we have seen, the intervenor's possession of the property was lawful, and he could not have been lawfully disturbed therein. He is entitled, therefore, to have the property restored to him.

In our opinion the demurrer was erroneously sustained. The judgment of the circuit court is therefore

Reversed.

MILLER, J., dissenting.